HARVEY KEITH & Co. *v.* H. ELLIOTT, &c.

Vendor and Purchaser—Deficit—"More or Less" Annexed to a Designated Attachment Claim of Third Person—Burden of Proof.

Appellant sued out an attachment and had it levied on an undivided interest in a store, as the property of Z. Elliott, who was in the possession of the goods and managing the business. Appellee claimed to be the owner of the goods, and made himself a party to the suit. Held, that the burden of proof was on him.

APPEAL FROM BALLARD CIRCUIT COURT.

February 24, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

Appellant sued an attachment out of chancery and had it levied on an undivided interest in a store as the property of Z. Elliott, who was in the ostensible possession of the goods, and managing the business.

Appellee claimed to be the owner and presented his petition and became a party to the suit.

Upon the issue out of chancery he held the affirmative and on his failure to establish his ownership, the goods being found in Z. Elliott's ostensible possession, should have been subjected to his indebtedness. Henry Elliott could only take them out of the sheriff's possession by establishing his claim, hence, upon this issue the court properly held that he had the affirmative.

The jury having found the title of the goods in Henry Elliott, and that they were his and not his father's, we cannot disturb the finding upon the weight of the evidence unless it greatly preponderated against the verdict, whereas in this case its weight goes to uphold the finding.

The questions propounded to the witness Utterback, and desired to be answered were as to matters which occurred in Henry Elliott's absence and therefore not competent unless grounds had been laid in the examination of Z. Elliott when as contradictory to his statements it might have been admitted.

The facts were competent and were stated, what Z. Elliott said in Henry Elliott's absence could not be admitted as evidence save to contradict Z. Elliott's statements as a witness, and no grounds were laid for this.

The court therefore did not err in refusing to let the question be answered.

Wherefore the judgment is *affirmed*.

*White, Bigger & Moss, for appellants.*

*Turner, Bullock, for appellees.*